UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR91-166-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| CLEVELAND WALKER JR., | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| _____ | ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on April 19, 2006. The United States was represented by AUSA Kathryn Warma and the defendant by Nancy Tenney. The proceedings were digitally recorded.

Defendant had been sentenced on or about August 30, 1991 by the Honorable William L. Dwyer on charges of Armed Bank Robbery (5 counts) and Bank Robbery, and sentenced to 78 months custody, 5 years supervised release.

The conditions of supervised release required defendant to comply with the standard 13 conditions, and the defendant was prohibited from possessing a firearm, required to provide his probation officer with access to financial information, and required to participate in mental health

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

counseling as directed. Restitution was ordered in the amount of $61,638.51.

Defendant commenced supervision on January 27, 1997. His supervised release was modified on October 1, 1996 to required him to take all medication as directed for mental health treatment, and to participate as instructed in a substance abuse treatment program.

On June 21, 2000, the conditions of supervised release were modified to require defendant to participate in a home confinement program, to include electronic monitoring, for up to 60 days, based on noncompliance issues. (Dkt. 18.)

On July 18, 2000, the defendant admitted to violating the conditions of supervised release by using marijuana, failing to notify the probation office of a change in residence, failing to participate in a home confinement program as directed, using opiates, and failing to submit to drug testing. (Dkt. 24.) On July 24, 2000 the defendant admitted to violating the conditions of supervised release by failing to obtain permission before leaving the judicial district. (Dkt. 25.) Defendant was ordered to reside in a halfway house for up to 120 days, with all other conditions of supervised release to remain in effect. (Dkt. 30.)

The conditions of supervised release were modified on May 3, 2001 to require defendant to reside in a halfway house for up to 120 days, pending an evidentiary revocation hearing on allegations of violation of supervised release. (Dkt. 38.) Defendant failed to appear for the evidentiary revocation hearing and a bench warrant was issued. (Dkt. 42.) Defendant was arrested, and admitted to violating the conditions of supervised release by participating in a scheme to commit mail fraud, wire fraud and money laundering (Count 1), consuming marijuana (Count 2), and leaving the halfway house without permission (Count 3). He was sentenced to serve 36 months on Count 1, 24 months on Count 2 and one day on Count 3, to be followed by 4 years and

364 days supervised release. (Dkt. 48). Conditions of supervised release included the standard conditions plus the requirements that defendant pay restitution in the amount of $56, 601.51 (the original amount of restitution, less amounts paid), participate in a substance abuse treatment program, abstain from the use of alcohol, submit to search, participate in a mental health program, provide access to financial information, maintain a single checking account for all financial transactions, provide information about any business interests, disclose all assets and liabilities, allow the inspection of any personal computer, and no new credit without permission.

In an application dated June 15, 2004 (Dkt 50), Senior U.S. Probation Officer Michael K. Banks alleged the following violations of the conditions of probation:

1. Failing to notify the probation office of any change in residence or employment, in violation of standard condition #6.

2. Failing to submit a truthful and complete written monthly report within the first five days of the month, in violation of standard condition #2.

Defendant was advised in full as to those charges and as to his constitutional rights.

Defendant admitted the alleged violations and waived any evidentiary hearing as to whether they occurred.

I therefore recommend the Court find defendant violated his supervised release as alleged, and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Pechman.

/ / /

/ / /

/ / /

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -3

Pending a final determination by the Court, defendant has been detained.

DATED this <u>20th</u> day of April, 2006.

                                           */s/ Mary Alice Theiler*
                                           Mary Alice Theiler
                                           United States Magistrate Judge

cc:   District Judge:         Honorable Marsha J. Pechman
      AUSA:                  Kathryn Warma
      Defendant's attorney:  Nancy Tenney
      Probation officer:     Michael K. Banks